IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| MILTON MILLER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:19-CV-00043-DGK |
| | ) | |
| KEVIN K. McALEENAN, Acting Secretary | ) | |
| of the Department of Homeland Security, and | ) | |
| MICHELLE PERRY, Director of the Kansas | ) | |
| City Field Office, United States Citizenship and | ) | |
| Immigration Services, | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER DENYING MOTION TO DISMISS AND STAYING THE CASE PENDING THE COMPLETION OF REMOVAL PROCEEDINGS

This case arises from Petitioner Milton Miller's allegations that the United States Citizenship and Immigration Services ("USCIS" or "the agency") wrongfully denied his application for naturalization. Now before the Court is Respondent Kevin K. McAleenan, Acting Secretary of the Department of Homeland Security's ("DHS") and Respondent Michelle Perry, Director of the Kansas City USCIS Field Office's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), (6) (Doc. 6). Petitioner did not respond to the motion.

Respondents claim this Court is without jurisdiction to hear the case or, alternatively, that Petitioner has failed to state a claim upon which relief may be granted. Because the removal proceedings take priority over naturalization appeals but do not deprive the Court of jurisdiction or demand dismissal, the motion is DENIED and the case is STAYED pending the outcome of the removal proceedings.

## Background[1]

In July 2016, Petitioner applied for naturalization. The USCIS denied his application in January 2017 because he failed to establish the requisite "good moral character" due to a prior conviction (Doc. 1-2). Petitioner then filed a request for a hearing with the Kansas City USCIS Field Office. On September 25, 2018, the Kansas City USCIS Field Office conducted an appeal hearing. Two days later, USCIS issued a final decision denying Petitioner's naturalization application because of his "lack of good moral character and lack of reformation of character with regards to following the laws of the United States" (Doc. 1-3).

Petitioner timely filed this request for de novo judicial review of his naturalization denial pursuant to 8 U.S.C. § 1421(c). During the pendency of this litigation, USCIS placed Petitioner into removal proceedings.

## Standard

Respondents seek dismissal under either Rule 12(b)(1) or 12(b)(6) of the Federal Rules of Civil Procedure. A motion to dismiss under 12(b)(1) challenges the Court's subject matter jurisdiction. To survive a motion to dismiss for lack of subject matter jurisdiction, the party asserting jurisdiction has the burden of proving jurisdiction. *VS Ltd. P'ship v. Dep't of Hous. & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000) (citation omitted). It is the threshold requirement that must be assured in every federal case. *Id.*

While a motion under 12(b)(1) challenges the district court's ability to hear the case at all, a motion under Rule 12(b)(6) tests the legal sufficiency of the complaint. A complaint may be dismissed if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To avoid dismissal, a complaint must include "enough facts to state a claim to relief

---

[1] In deciding a motion to dismiss, "the factual allegations in the complaint are accepted as true and viewed most favorably to the plaintiff." *Hager v. Arkansas Dep't of Health*, 735 F.3d 1009, 1013 (8th Cir. 2013).

that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing the complaint, the court construes it liberally and draws all reasonable inferences from the facts in the plaintiff's favor. *Monson v. Drug Enf't Admin.*, 589 F.3d 952, 961 (8th Cir. 2009).

## Discussion

The agency[2] is granted the sole authority to naturalize persons as citizens of the United States. 8 U.S.C. § 1421(a). District courts, however, can review naturalization denials pursuant to 8 U.S.C. § 1421(c), which provides:

> A person whose application for naturalization under this subchapter is denied, after a hearing before an immigration officer under section 1447(a) of this Title, may seek review of such denial before the United States district court for the district in which such person resides in accordance with chapter 7 of title 5. Such review shall be de novo, and the court shall make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing de novo on the application.

Any relief provided to the petitioner under § 1421(c) is an instruction to the agency to naturalize the petitioner. *Zayed v. United States*, 368 F.3d 902, 906 (6th Cir. 2004) (finding that the district has no authority to naturalize the petitioner, only to direct the agency to do so).

Once removal proceedings have been initiated, however, the agency's power to naturalize is limited by § 1429, which provides that "no application for naturalization shall be considered by the [agency] if there is pending against the applicant a removal proceeding." 8 U.S.C. § 1429. In effect, this provision ensures that removal proceedings take priority over an alien's attempt to naturalize. *Zayed*, 368 F.3d at 902.

Section 1429 limits the agency's authority to naturalize Petitioner while his removal

---

[2] The statute states that the authority rests with the "Attorney General," but the caselaw holds that the agency "acts as the Attorney General's surrogate under the reorganization that created the Department of Homeland Security." *Klene v. Napolitano*, 697 F.3d 666, 667 (7th Cir. 2012).

proceeding is pending.  Respondents, claim, however, it also divests the Court of jurisdiction.

Alternatively, Respondents argue it requires dismissal of the action for failure to state a claim.

**I.      There is a case or controversy.**

The Court must first address Respondents argument that there is no case or controversy

under Article III of the United States Constitution.  Respondents aver that Petitioner's claims

have become moot, or alternatively, that he has been divested of Article III standing because his

claims are not redressable.  Respondents do not claim that Petitioner lacked standing at the

commencement of the suit.  Rather, they contend he lost standing once removal proceedings

began.

The issue Respondents raise is one of mootness, not standing.  *See United States Parole*

*Comm'n v. Geraghty*, 445 U.S. 338, 397 (1980) (describing the mootness doctrine as "the

standing doctrine set in a time frame: The requisite personal interest that must exist at the

commencement of litigation (standing) must continue throughout its existence (mootness).").

Because the Eighth Circuit has yet to address the effect of removal proceedings on naturalization

appeals, the Court looks to the persuasive precedent from other circuits, as well as from sister

courts.

Two appellate courts have addressed this issue.  One held that a naturalization appeal

becomes constitutionally moot once removal proceedings are initiated.  *See Awe v. Napolitano*,

494 Fed.App'x 860, 866 (10th Cir. 2012) (finding the institution of removal proceedings

constitutes a "change of circumstances that preclude[s] any 'conclusive' or 'specific relief' by

the district court").  But the Seventh Circuit held otherwise, and its reasoning is more persuasive.

In *Klene*, the Seventh Circuit held that a case or controversy exists under these circumstances

because "the parties are locked in conflict about whether [petitioner] is entitled to be

naturalized." *Klene*, 697 F.3d at 668 (Easterbrook, J.). The court found that parallel proceedings are common, and "[u]ntil one of the proceedings reaches judgment, neither makes the other moot or otherwise deprives either of competence under Article III." *Id.* This Court agrees, and finds the case and controversy requirement met.

## II.     The Court has subject matter jurisdiction over Petitioner's appeal.

Respondents also claim the Court lacks subject matter jurisdiction over Petitioner's appeal. Most appellate courts confronted with this issue have determined that district courts retain jurisdiction over naturalization appeals even when removal proceedings are pending. *See De Lara Bellajaro v. Schiltgen*, 378 F.3d 1042, 1046 (9th Cir. 2004), *as amended* (Sept. 1, 2004); *Zayed*, 368 F.3d at 906; *Gonzalez v. Secretary of Dept. of Homeland Sec.*, 678 F.3d 254, 258 (3rd Cir. 2012); *Klene*, 697 F.3d at 668; *Awe*, 494 F. App'x 860, 865 (10th Cir. 2012).[3] This Court likewise finds that § 1421(c) plainly confers subject matter jurisdiction on the district courts to review the denial of an application for naturalization. Indeed, there is "no textual basis for concluding that jurisdiction vested in district courts by § 1421(c) is divested by § 1429." *De Lara Bellajaro*, 378 F.3d at 1046. "What the [agency] may do—and derivatively what a court may order the [agency] to do—concern the merits." *Klene*, 697 F.3d at 668. "[T]here is a fundamental difference between mandatory rules, such as the one in § 1429, and jurisdictional limits." *Id.* Thus, the Court maintains subject matter jurisdiction over this action pursuant to § 1421(c).

## III.     The case should be stayed pending removal proceedings.

Nevertheless, most appellate courts have held that "the availability of effective remedies" is limited during the pendency of the removal proceedings because § 1429 precludes

---

[3] Another sister court has reached the same result. *See Kovacevic v. Duke*, No. 4:15-CV-1748-CDP, 2017 WL 3421513, at *3 (E.D. Mo. Aug. 9, 2017) (concluding that § 1429 does not divest court of jurisdiction to conduct de novo review of the denial of a naturalization petition).

the district court from ordering the agency to naturalize an alien while removal proceedings are pending. *See Zayed*, 368 F.3d at 906; *Bellajaro*, 378 F.3d at 1043–44; *Ajlani v. Chertoff*, 545 F.3d 229, 238-39 (2d Cir. 2008); *Gonzalez*, 678 F.3d at 906; *Klene*, 697 F.3d at 669. The Court too finds that it cannot presently provide Petitioner relief on his complaint given Congress's intent to prioritize removal over naturalization proceedings.

Respondents claim the Court must therefore dismiss the case without prejudice, giving Petitioner "the opportunity to bring suit after the conclusion of removal proceedings, when naturalization relief might be possible" (Doc. 6 at 13). But pursuant to 8 U.S.C. § 1421(c), a naturalization applicant is only afforded a period of 120 days following his or her denial to file a petition for district court review. Dismissing this case without prejudice would therefore effectively bar judicial review of the naturalization denial because a "dismissal without prejudice does not toll a statute of limitation." *Garfield v. J.C. Nichols Real Estate*, 57 F.3d 662, 666 (8th Cir. 1995). Put simply, were the Court dismiss Plaintiff's complaint without prejudice, Petitioner would have to go through the entire administrative process a second time to obtain judicial review.

Should Petitioner prevail in his removal proceedings, he is entitled to have his § 1421(c) claims adjudicated. Thus, the Court will stay the matter during the pendency of Petitioner's removal proceedings. *See Gardener v. Barr*, No. 4:18-CV-620-JMB, 2019 WL 1001340, at *7 (E.D. Mo. Mar. 1, 2019) (staying the case pending the conclusion of removal proceedings); *Duke*, 2017 WL 3421513, at *5 (finding the appropriate relief to be staying the case until removal proceedings have concluded).

## Conclusion

Respondents' motion is DENIED, and the case is STAYED pending the resolution of the

removal proceedings.  The parties shall file a status report every sixty days updating the Court of the status of the removal proceedings.  Within fourteen days of the conclusion of the removal proceedings, the parties shall inform the Court of the outcome and propose a schedule for further proceedings.

**IT IS SO ORDERED.**

Date:  June 7, 2019                                 /s/ Greg Kays                                   
                                                                            GREG KAYS, JUDGE
                                                                            UNITED STATES DISTRICT COURT